United States District Court
Southern District of Texas
**ENTERED**
December 18, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JESSE KENNETH PRATHER, | § | |
| (SPN # 00994122) | § | |
| | § | |
| *Petitioner,* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-24-4817 |
| | § | |
| ED GONZALEZ, | § | |
| | § | |
| *Respondent.* | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Jesse Kenneth Prather, (SPN # 00994122), is a pretrial detainee in the Harris

County Jail. Proceeding *pro se*, he filed a petition for a federal writ of habeas corpus,

asking this Court to intervene in his state-court criminal proceedings, in which he

contends his constitutional rights are being violated. (Dkt. 1). Under Rule 4 of the

Rules Governing Section 2254 Proceedings in the United States District Courts,[1] this

Court is required to review a petition for federal habeas corpus relief and dismiss it

if "[i]t plainly appears from the petition . . . that the petitioner is not entitled to relief."

After considering Prather's petition and all matters of record, the Court dismisses

---

[1] Rule 1 of the Rules Governing Section 2254 Proceedings in the United States District Courts provides that those rules apply to any petition for writ of habeas corpus, including those filed under 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

his petition for the reasons explained below.

## I.    **BACKGROUND**

Publicly available records show that a grand jury indicted Prather on a felony charge of causing bodily injury to an elderly person in Harris County Cause Number 1867291. *See* Search Our Records, www.hcdistrictclerk.com (visited Dec. 13, 2024). He has appeared for hearings in the state criminal proceedings, and he was recently granted permission to represent himself in those proceedings. *Id.* In his petition to this Court, Prather alleges that the charge against him is false and that he is factually innocent. (Dkt. 1). He asks this Court to "intervene" in the state court proceedings and order a polygraph examination, which he alleges would establish his innocence and would result in his immediate release from custody. (*Id.* at 2).

Federal district court records show that Prather previously filed an identical petition seeking identical relief that was docketed as Case Number 24-cv-4304. *See Prather v. Gonzalez*, Case No. 24-cv-4304 (S.D. Tex.). That action was dismissed without prejudice because Prather had failed to exhaust his available state-court remedies before seeking federal habeas relief. *Id.* at Dkt. 5 (citing 28 U.S.C. § 2254(b)(1)(A), which precludes federal habeas corpus relief unless the petitioner "has exhausted the remedies available in the courts of the State"). The order of dismissal outlined the remedies available to Prather under state law and listed the steps he was required to take to exhaust those remedies. *Id.*

In his current petition, Prather alleges that he has now exhausted his state-court remedies and so should be permitted to pursue federal habeas relief. (Dkt. 1, p. 6).

## II.   DISCUSSION

Prather filed his habeas petition on the form approved for use by state prisoners challenging their convictions under 28 U.S.C. § 2254; however, a state pretrial detainee's habeas corpus claims based on alleged federal constitutional violations are governed by 28 U.S.C. § 2241. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998). Because Prather is proceeding *pro se*, the Court must liberally construe his pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). This includes considering his petition based on the substance of the relief he is seeking rather than the label he has attached to it or the form he has used. *See Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996). Having considered the substance of Prather's claims, the Court views his petition as one seeking relief under 28 U.S.C. § 2241.

### A.   Exhaustion

Because of considerations of federal and state comity, a state pretrial detainee may not use a federal habeas petition to interfere with the "the normal functioning of a state's criminal processes." *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 493 (1973); *Dickerson v. State of La.*, 816 F.2d 220, 224 (5th Cir. 1987).

Therefore, before a pretrial detainee may pursue federal habeas relief, he must show that he has exhausted the state remedies available to him. *See Braden*, 410 U.S. at 489; *Dickerson*, 816 F.2d at 224. This exhaustion requirement prohibits federal courts from exercising jurisdiction if the claims raised in a state pretrial detainee's petition may be resolved either by a state-court trial on the merits or by other available state procedures. *See Dickerson*, 816 F.2d at 225; *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976). To properly exhaust state-court remedies, the petitioner must have presented his claims to the state's highest court "in a procedurally proper manner" according to the rules of the state courts. *See Baldwin v. Reese*, 541 U.S. 27, 29-32 (2004); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999) (per curiam). State remedies are not exhausted so long as the petitioner has the opportunity to present his claims to the state courts by a currently available and adequate procedure. *See Braden*, 410 U.S. at 489.

Under Texas law, a pretrial detainee held on a felony indictment may seek release by filing an application for writ of habeas corpus under article 11.08 of the Code of Criminal Procedure in the court in which he is indicted. *See* TEX. CODE CRIM. PROC. art. 11.08. If the trial court denies the application, the detainee may take a direct appeal to the intermediate appellate court. *See Ex parte Payne*, 618 S.W.2d 380, 382 n.5 (Tex. Crim. App. 1981). If the detainee is not satisfied with the decision of the Court of Appeals, he may petition for discretionary review with

4/ 8

the Court of Criminal Appeals. *See Ex parte Twyman*, 716 S.W.2d 951, 952 (Tex. Crim. App. 1986). Only after a detainee has pursued his claims through each of these steps will he be found to have exhausted his state-court remedies.

Prather alleges that he raised his current claim in the state court by filing an application for a writ of habeas corpus under article 11.08, which the trial court has denied. But Prather admits that he did not appeal that denial to the intermediate appellate court, (Dkt. 1, p. 6), and publicly available records confirm that he has not pursued an appeal of that ruling. *See* Case Search, www.txcourts.gov (visited Dec. 13, 2024). He nevertheless contends that this Court should conclude that he has exhausted his state remedies because he raised his claim in a petition for a writ of mandamus filed in the Court of Criminal Appeals. However, Texas law requires detainees who are dissatisfied with resolution of an article 11.08 application to appeal to the intermediate appellate court and then, if necessary, to seek discretionary review in the Court of Criminal Appeals. *See Ex parte Twyman*, 716 S.W.2d at 952. Prather has not followed this available procedure. In addition, while state-court records show that he raised his current claim in a motion seeking leave to file a petition for writ of mandamus in the Court of Criminal Appeals, that motion was denied. *See Ex parte Prather*, No. WR-31,418-07 (Tex. Crim. App. Nov. 13, 2024). Therefore, the Court of Criminal Appeals has not considered Prather's claims on their merits, and those claims remain unexhausted.

5/ 8

Because Prather has not presented his current claims to the Texas state courts in a procedurally proper manner, he has not exhausted his state-court remedies and is not entitled to federal habeas relief. His petition for federal habeas relief must therefore be dismissed.

### B. *Younger* Abstention

While Prather's failure to exhaust his state-court remedies requires dismissal of his petition, the Court also notes that even if Prather could show that he had satisfied the exhaustion requirement, it would decline to exercise jurisdiction under *Younger v. Harris*, 401 U.S. 37, 54 (1971). *Younger* requires federal courts to abstain from exercising jurisdiction when: (1) the federal proceeding would interfere with an "ongoing state judicial proceeding"; (2) the State has an important interest in regulating the subject matter of the claim; and (3) the petitioner has "an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012); *see also Kolski v. Watkins*, 544 F.2d 762, 766 (5th Cir. 1977) ("a [p]etitioner must satisfy the *Younger* abstention hurdles before [a court] may give habeas relief").[2]

---

[2]Exceptions to the *Younger* doctrine exist when "(1) the state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff, (2) the state statute is 'flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it,' or (3) application of the doctrine was waived." *Texas Ass'n of Bus. v. Earle,* 388 F.3d 515, 519 (5th Cir. 2004) (quoting *Younger,* 401 U.S. at 49). Prather's petition does not allege facts showing that these exceptions apply in his case.

6/ 8

Prather's claims meet all three requirements for abstention under *Younger*. Any decision by this Court on Prather's claims would interfere with the ongoing state-court criminal proceedings. *See Younger*, 401 U.S. at 41; *Tex. Ass'n of Bus. v. Earle*, 388 F.3d 515, 518 (5th Cir. 2004) ("Under the rule set out by [*Younger*], federal courts must refrain from considering requests for injunctive relief based upon constitutional challenges to state criminal proceedings pending at the time the federal action is instituted."). The State of Texas has an important interest in enforcing its criminal laws and procedures. *See DeSpain v. Johnston,* 731 F.2d 1171, 1176 (5th Cir. 1984). And Prather can raise his claims in the state-court proceedings and again on appeal if necessary. *See, e.g., Friemel v. Sheriff, Gregg Cnty*, Civil No. 6:20cv609, 2021 WL 2372213, at *3 (E.D. Tex. Apr. 20, 2021) (*Younger* abstention is proper when the "petitioner has the opportunity to challenge the evidence against him at trial and to appeal any potential conviction in state court on direct appeal and in collateral proceedings, as well as through federal habeas corpus proceedings.").

Prather's claims meet the requirements for *Younger* abstention. Even if he had exhausted his state remedies, the Court would decline to exercise jurisdiction under *Younger* and would dismiss his petition.

## III.    **CONCLUSION**

Based on the foregoing, the Court **ORDERS** as follows:

1. Prather's petition for writ of habeas corpus, (Dkt. 1), is **DISMISSED without**

7/ 8

**prejudice** for failing to exhaust his state-court remedies.

2. All pending motions are **DENIED as moot.**

3. A certificate of appealability is **DENIED.**

4. Because Prather has now twice been advised of the state-court exhaustion requirements, the Court **CERTIFIES** that any appeal taken from this Order is not in good faith for purposes of Rule 24(a)(3) of the Federal Rules of Appellate Procedure.

The Clerk will provide a copy of this Order to the petitioner.

SIGNED at Houston, Texas on _____Dec 17_____, 2024.

DAVID HITTNER
UNITED STATES DISTRICT JUDGE